T.C. Summary Opinion 2002-63

UNITED STATES TAX COURT

BERT LaRUE AND MICHELLE NOLEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5255-01S.                    Filed May 31, 2002.

Bert LaRue Nolen, pro se.

<u>Douglas S. Polsky</u>, for respondent.


     COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

     [1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.

Respondent determined deficiencies of $1,508, $1,163, and $1,102 in petitioners' Federal income taxes, respectively, for 1997, 1998, and 1999 and corresponding penalties under section 6662(a) in the amounts of $302, $233, and $220.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was McIntosh, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions. In the notice of deficiency, respondent disallowed all the amounts claimed as deductions for each of the years at issue for charitable contributions and miscellaneous itemized deductions, the latter consisting of unreimbursed employee business expenses. Other itemized deductions claimed by petitioners, although substantiated, were less than the allowable standard deduction under section 63(c); consequently, respondent allowed petitioners the standard deduction for each of the 3 years at issue.

In the stipulation, petitioners conceded the deficiencies, challenging only the penalties under section 6662(a). In addition to considering that issue, the Court also considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during 1997 and 1998; however, petitioner Michelle Nolen was not employed during 1999.

Mr. Nolen (petitioner) was employed during 1999. Petitioner worked for several employers during the years at issue, doing ground boring and tunneling work for the laying of underground water lines, sewage pipes, and other types of utilities. For the 3 years in question, petitioners engaged the services of Robin Beltran to prepare their Federal income tax returns. Mr. Beltran had been recommended to petitioner by one of petitioner's coworkers. When petitioners first met with Mr. Beltran, they provided records that petitioners believed were necessary to substantiate the deductions to be claimed on their tax returns. Somewhat to their surprise, Mr. Beltran did not rely on those records and represented to petitioners that the amounts to be claimed on the returns would be allowable amounts well in excess of their records. Petitioners accepted that position without question. It appears that the same procedure was followed for each of the succeeding years in question.

Respondent's determinations address two categories of itemized deductions claimed by petitioners, which were totally disallowed in the notice of deficiency: charitable contributions and other miscellaneous expenses, essentially unreimbursed employee business expenses. The following amounts were claimed by petitioners on their returns:

|                                                  | 1997      | 1998     | 1999     |
| ------------------------------------------------ | --------- | -------- | -------- |
| Charitable contributions                         | $ 2,639   | $3,525   | $3,941   |
| Unreimbursed employee expenses (before the sec. 67(a) limitation) | 12,923 | 9,063 | 8,221 |

Petitioners agreed at trial that their actual charitable contributions were far less than the amounts claimed on the returns. They provided documentation of $250 for 1998 contributions, $435 for 1999, and no proof of any contributions during 1997.[2] The unreimbursed employee expenses were all related to petitioner's employment. Petitioner readily admitted that the amounts above were far in excess of what he actually expended. For example, the $12,923 shown above for 1997 was related to petitioner's construction work, for which he earned $20,249 in wages that year. Thus, the amount claimed for unreimbursed employee expenses for that year represents approximately 64 percent of the wages earned in connection with that employment. Petitioner agreed that he would not, in the real world, accept employment where unreimbursed employee expenses would be of such magnitude.

_____

[2] The Court notes that, as stated earlier, petitioners conceded the deficiencies in the stipulation, and any amounts substantiated at trial would be less than the standard deduction; consequently, there are no grounds for disregarding the stipulation as in Jasionowski v. Commissioner, 66 T.C. 312 (1976).

When petitioners' returns were thereafter audited by respondent, all correspondence they received was referred to Mr. Beltran, who had promised he "would take care of it". There is no indication in the record that Mr. Beltran provided any assistance to petitioners in the audit process.[3]

Petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated

---

[3] This case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions. At some point in the audit process, Mr. Beltran ceased all communications with his former clients.

where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances."

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the penalty for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter. Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer, Mr. Beltran. Petitioners knew that Mr. Beltran disregarded the documentary information they had provided to him to substantiate their claimed deductions and, moreover, knew that they could claim tax deductions only for amounts actually expended. The Court is satisfied that petitioners consciously failed to examine the returns prepared by Mr. Beltran because they knew that some of the deductions claimed on the returns were false, and they hoped their returns would escape the audit process. With the obvious reservations petitioners had or should have had, they,

nevertheless, failed to ascertain from tax professionals whether their returns were correctly prepared.  These facts demonstrate to the Court that petitioners made no reasonable effort to ascertain their correct tax liabilities for the years at issue. Stubblefield v. Commissioner, supra.  On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the 3 years at issue.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. Although petitioners conceded the deficiencies and challenged only the penalties under section 6662(a), the Court considers petitioners' claim that they should not be liable for the penalties to be frivolous and groundless.  Petitioners knew that a substantial portion of the itemized deductions at issue was false and could not be sustained.  Other circumstances noted above need not be repeated here.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes.  At trial, petitioners realized that they had no case with respect to the deficiencies but chose to continue to challenge the imposition of the penalties under section 6662(a).  Any reasonable and prudent

person, under the facts presented to the Court, should have known that the claimed deductions could not be sustained, and petitioners knew that.  We do not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, their return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable.  Golub v. Commissioner, T.C. Memo. 1999-288.  Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel.  Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.